Filed 7/28/2020 9:12 AM
Lindsey Smith, District Clerk
Panola County, Texas
By: April Ham,
Deputy Clerk
2020-232

CAUSE NO. 2020-232

| | | |
|---|---|---|
| Michael Fields, Vickie Grant, Jessica Matlock, and Kelly Reese | § § § | IN THE COUNTY COURT AT LAW |
| *Plaintiffs* | § § | |
| vs. | § § | NUMBER _____ |
| Tommy Brown, Micah Fenton, and Felicia Alexander, | § § § § | |
| *Defendants* | § | PANOLA COUNTY, TEXAS |

## ORIGINAL PETITION

Michael Fields, Vickie Grant, Jessica Matlock, and Kelly Reese ("Plaintiffs") complain of Tommy Brown, Micah Fenton, and Felicia Alexander (collectively "Defendants") and will respectfully show the Court the following:

### I.

### NATURE OF ACTION

1. This is an action to recover damages after Plaintiffs contracted COVID-19 while working at Tyson's meatpacking plant in Carthage, Texas.

### II.

### DISCOVERY

2. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### III.

### JURISDICTION AND VENUE

3. Plaintiffs claims arise under the laws of Texas.



CERTIFIED COPY Page 1 of 9

A TRUE COPY of the original hereof, I certify
Lindsey Smith
DISTRICT COURT CLERK
PANOLA COUNTY, TEXAS
By _____
DEPUTY CLERK

4. The Court has jurisdiction over this case because Plaintiffs seek damages within the jurisdictional limits of this Court. Specifically, Panola County Court at Law has concurrent jurisdiction per Section 25.1852 of the Texas Government Code. Plaintiffs invoke the Court's concurrent jurisdiction. Additionally, Plaintiffs bring their claims under Texas state law and do not seek to make any claims that are pre-empted by federal law. Put differently, Plaintiffs allege that Defendants failed to provide them with a safe place to work and failed to follow appropriate guidelines and recommendations to avoid the spread of COVID-19.

5. Further, this case is not removable because Plaintiffs have not made any federal claims and complete diversity of citizenship is lacking because Plaintiffs and Defendants are citizens of the state of Texas.

6. Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(3) because one or more Defendants either resides in this County. Venue is also proper under Texas Civil Practice and Remedies Code Section 15.002(a)(1) because the acts or omissions giving rise to this suit occurred in this County.

## IV.

### PARTIES

7. Plaintiff Michael Fields is a resident of Texas. Plaintiff worked at Tyson's Carthage, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Carthage, Texas facility.

8. Plaintiff Vickie Grant is a resident of Texas. Plaintiff worked at Tyson's Carthage, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Carthage, Texas facility.


CERTIFIED COPY Page 2 of 9

9. Plaintiff Jessica Matlock is a resident of Texas. Plaintiff worked at Tyson's Carthage, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Carthage, Texas facility.

10. Plaintiff Kelly Reese is a resident of Texas. Plaintiff worked at Tyson's Carthage, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Carthage, Texas facility.

11. Defendant Tommy Brown is a resident of Texas and was the Plant Manager for the Tyson facility in Carthage, Texas. Mr. Brown can be served with process at his place of work, 1484 NE Loop, Carthage, Texas 75633, or wherever he may be found.

12. Defendant Micah Fenton is a resident of Texas and was the Plant Safety Manager for the Tyson facility in Carthage, Texas. Mr. Fenton can be served with process at his home address of 164 County Road 288, Carthage, Texas 75633, or wherever he may be found.

13. Defendant Felicia Alexander is a resident of Texas and was the Production Shift Manager for the Tyson facility in Carthage, Texas. Ms. Felicia Alexander can be served with process at her home address of 5153 US Hwy 79 N, De Berry, Texas 75639, or wherever she may be found.

V.

FACTS

14. Plaintiffs worked at the Tyson meatpacking plant in Carthage, Texas. In spring of 2020, the COVID-19 pandemic began sweeping the United States. Many States and Counties began implementing proactive safety measures to prevent the spread of COVID-19.

15. In Texas, Governor Abbott issued a stay-at-home order for the State of Texas that took effect on April 2, 2020. Despite the stay-at-home order, Plaintiffs were required to continue


CERTIFIED COPY Page 3 of 9

working at the Tyson meatpacking plant in Carthage, Texas, after April 2, 2020. Plaintiffs also worked at the Carthage, Texas, meatpacking plant prior to April 2, 2020.

16. Both prior to April 2, 2020, and after April 2, 2020, Tyson failed to take adequate precautions to protect the workers at its meatpacking facilities, including the Carthage, Texas, meatpacking facility. Even when the rest of the country and the State of Texas were taking significant precautions to prevent the spread of COVID-19 even prior to April 2, 2020, Tyson did not do the same thing. And even after April 2, 2020, Tyson still required its employees to come to work and did not provide adequate precautions or protections to help protect its employees from COVID-19.

17. Defendants Tommy Brown (the Plant Manager), Micah Fenton (Plant Safety Manager), and Felicia Alexander (Production Shift Manager) were directly responsible for implementing a safe work environment at Tyson's Carthage, Texas, meatpacking plant.[1] These Defendants were also directly responsible for implementing and enforcing adequate safety measures to prevent the spread of COVID-19 to the Tyson employees working at the Carthage, Texas, meatpacking plant. Defendants Tommy Brown, Micah Fenton, and Felicia Alexander failed to provide a safe working environment to Plaintiffs. As a direct result of the negligence and gross negligence of Defendants, Plaintiffs contracted COVID-19 at the Carthage, Texas, meatpacking plant and have experienced significant injuries as a result.

18. Thousands of Tyson employees have been exposed to COVID-19 at Tyson's meatpacking facilities. Upon information and belief, at least 7,100 Tyson employees have contracted COVID-19, and at least 24 employees have died as a result of exposure to COVID-19

---

[1] Tyson Foods chose not to obtain workers compensation insurance in the State of Texas. Thus, Tyson and its agents (the named Defendants in this lawsuit) are liable to Plaintiff for her personal injuries sustained in the course and scope of her employment.

at Tyson's meatpacking facilities.

19. In Texas, Tyson chose not to provide its employees with workers compensation insurance. Instead, Tyson has implemented a program called WISP, or Workplace Injury Settlement Program, wherein Tyson pressures employees to sign releases before providing injury benefits. In many cases, Tyson then pays limited, if any benefits, once its employees have signed away their right to sue.

20. Tyson's conduct, effectuated through the named Defendants in this lawsuit, was negligent and grossly negligent and was the cause of the underlying incident.

## VI.

### CAUSES OF ACTION

#### A. *Negligence and Gross Negligence against all Defendants.*

21. Plaintiffs repeat and re-allege each allegation contained above.

22. Defendants are negligent and grossly negligent for the following reasons:

 a. Failed to provide a safe work environment.

 b. Requiring Plaintiffs to continue working at the meatpacking plant when it was no longer safe to do so due to COVID-19;

 c. Failed to provide adequate PPE to the workers at the meatpacking plant;

 d. Failed to implement adequate precautions and social distancing at the meatpacking plant;

 e. Failed to follow guidelines set forth by the WHO and CDC with regard to COVID-19 at the meatpacking plant;

 f. Failed to warn of the dangerous conditions at the meatpacking regarding COVID-19;

 g. Failure to properly train Tyson employees at the meatpacking plant;

      h.      Failure to provide adequate medical treatment;

      i.      Allowed and required individuals who were infected with COVID-19 to continue to work at the meatpacking plant, infecting other individuals; and

      j.      Other acts deemed negligent and grossly negligent.

23. Defendants owed Plaintiffs a legal duty of the foregoing.

24. Defendants breached these duties, and as a direct and proximate result of Defendants' breaches of duty caused serious bodily injury to Plaintiffs, resulting in the following damages: physical pain, mental anguish, physical impairment, past and future medical expenses, loss of earning capacity, and loss of services. Because of the severity and degree of Plaintiffs' injuries, Plaintiffs' will incur significant future medical expenses as a result of Defendants' negligent and grossly negligent conduct.

25. Further, Defendants are liable for their grossly negligent conduct. Defendants' actions and/or omissions, when viewed objectively, exposed Plaintiffs to an extreme degree of risk with no regard for the probability and magnitude of the potential harm. Defendants also had actual, subjective awareness of the risk involved, yet chose to proceed in conscious indifference to the rights, safety, and welfare of Plaintiffs. Thus, Plaintiffs are entitled to exemplary damages against Defendants.

## VII.

### DAMAGES

26. As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies, lungs, and respiratory system in general, which resulted in physical pain, mental anguish, and other medical problems. Plaintiffs have sustained severe pain, physical impairment, discomfort, mental

anguish, and distress. In all reasonable probability, Plaintiffs' physical pain, physical impairment and mental anguish will continue indefinitely.

27.     Plaintiffs are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Plaintiffs' injuries were caused by malicious, willful, reckless, or wanton acts or omissions of Defendants, or alternatively the gross negligence of Defendants' employees, agents or representatives.

## VIII.

### JURY TRIAL

28.     Plaintiffs hereby request a trial by jury on all claims and submit their jury fee herewith.

## IX.

### PRAYER

29.     Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiffs show themselves justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs affirmatively state that they seek damages in excess of $1,000,000 and pray for relief and judgment, as follows:

      a.     Compensatory damages against Defendants;

      b.     Actual damages;

      c.     Consequential damages;

      d.     Pain and suffering;

e.  Exemplary damages;

f.  Past and future mental anguish;

g.  Past and future impairment;

h.  Past and future disfigurement;

i.  Loss of wages past and future;

j.  Loss of earning capacity;

k.  Interest on damages (pre- and post-judgment) in accordance with law;

l.  Plaintiffs' reasonable attorneys' fees;

m.  Costs of court;

n.  Expert witness fees;

o.  Costs of copies of depositions; and

p.  Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*

---

Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Joseph McGowin
SBN: 24117268
jmcgowin@arnolditkin.com
Claire Traver
SNB: 24115871
ctraver@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
kbateam@arnoldtin.com
e-service@arnolditkin.com

&

WHEELER & HUGHES
101 Tenaha Street
P. O. Box 1687
Center, Texas 75935
Telephone No.: (936) 598-2925
Facsimile No.: (936) 598-7024
*/s/ Christopher Hughes*
Christopher C. Hughes
Texas Bar No. 24074452
*/s/ Don Wheeler*
Don Wheeler
Texas Bar No. 21256200

**ATTORNEYS FOR PLAINTIFFS**