UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00475

**Michael Fields et al.,**
*Plaintiffs,*
v.
**Tommy Brown et al.,**
*Defendants.*

### ORDER

Plaintiffs sued Tyson Foods, Inc. and Tommy Brown, Micah Fenton, and Felicia Alexander, alleging unsafe practices at a Tyson Foods meatpacking facility that led to plaintiffs contracting COVID-19. Doc. 7. Now before the court is defendants Tommy Brown, Micah Fenton, and Felicia Alexander's renewed motion to dismiss plaintiffs' first amended complaint. Doc. 12. For the reasons set forth below, that motion (Doc. 12) is **granted**, and plaintiffs' claims against Tommy Brown, Micah Fenton, and Felicia Alexander are **dismissed with prejudice**.

### Background

Plaintiffs Michael Fields, Vickie Grant, Jessica Matlock, and Kelly Reese are former employees of Tyson Foods's meatpacking plant in Carthage, Texas. Doc. 7 ¶ 13. According to the complaint, after multiple states—including Texas—issued stay-at-home orders in response to the COVID-19 pandemic, Tyson Foods required its employees to return to work. *Id.* ¶ 14. Plaintiffs claim that during this period, Tyson Foods failed to take adequate safety measures in its plants, including by not providing personal protective equipment to its employees or instituting social-distancing guidelines. *Id.* ¶ 15, 21. This failure, plaintiffs contend, led to their contracting COVID-19. *Id.* ¶ 16.

Alleging negligence and gross negligence, plaintiffs brought this lawsuit against their former employer, Tyson Foods, Inc., and individually named defendants Tommy Brown, Micah Fenton, and Felicia Alexander, who are also employed at Tyson Foods. According to plaintiffs, because the individually named defendants held the roles of Plant Manager, Plant Safety Manager, and Production Shift Manager, respectively, they "were directly responsible for implementing a safe work environment at Tyson's Carthage, Texas, meatpacking plant." *Id*. Part of that responsibility included "implementing and enforcing adequate safety measures to prevent the spread of COVID-19 to the Tyson employees." *Id*.

On August 28, 2020, defendants removed this case from the County Court at Law of Panola County, Texas. Doc. 7. Shortly after, the individually named defendants—Tommy Brown, Micah Fenton, and Felicia Alexander—filed a motion to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 3. However, plaintiffs subsequently amended their complaint to add Tyson Foods, Inc. as a defendant (Doc. 7), thereby mooting defendants' original motion to dismiss. *See* Doc. 15. On October 16, 2020, the individually named defendants renewed their motion to dismiss, asserting that plaintiffs have failed to state a claim against them because only Tyson Foods had a duty to ensure a safe workplace. Doc. 12. Plaintiffs timely responded (Doc. 14), and defendants filed a reply. Doc. 16.

### Standards and analysis

To survive a motion brought under Rule 12(b)(6), the complaint must contain a "statement of the claim showing that the [plaintiff] is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To make the necessary showing, the claim must have "facial plausibility." *Id*. at 678. A claim has facial plausibility only if, when the plaintiff's factual allegations are "accepted as true," the court may "draw the reasonable inference that the defendant is liable."

*Id*. Consequently, the court construes all well-pleaded facts in the complaint as true, viewing them in the light most favorable to the non-movant. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

After a case has been removed under the federal officer removal statute, "[a] federal court's role . . . is similar to that of a federal court sitting in diversity." *Winters v. Diamond Shamrock Chem. Co.*, 941 F. Supp. 617, 620 (E.D. Tex. 1996). "Accordingly, the federal court applies the choice of law rules of the forum state to determine the applicable law." *Id*. In this case, Texas substantive law controls.

Having construed the facts in the light most favorable to plaintiffs, the court now finds that plaintiffs' first amended complaint fails to state a claim against defendants Tommy Brown, Micah Fenton, and Felicia Alexander for which relief may be granted.

Under Texas law, employers have a non-delegable duty to provide a safe workplace for its employees. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *see Austin v. Kroger, Texas L.P.*, 746 F.3d 191, 199 (5th Cir. 2014) ("In the employment context, the Texas Supreme Court has repeatedly held that an employer owes a continuous, non-delegable duty to provide its employees with a safe workplace."). But "[w]hen the employer is a corporation, the law charges the corporation itself, not the individual corporate officer, with the duty to provide the employee a safe workplace." *Id*. Stated differently, the duty to ensure a safe workplace rests solely with the employer, not individual employees.

In *Leitch v. Hornsby*, for example, an employee sued his employer and two corporate officers after suffering back injuries while on the job. *Leitch*, 935 S.W.2d at 116. The employee sued the corporate officers partially "because of their positions [with the employer]." *Id*. at 117. Reversing the court below, the Texas Supreme Court held that "a corporate officer acting on the corporation's behalf does not owe a corporate

employee an individual duty to provide that employee with a safe work place." *Id*. at 118. Specifically, the court found that the corporate officers were merely "acting within their capacities" as employees, and that "[t]he alleged actions by [the officers], whether active or passive, were actions of a corporate officer on behalf of [the employer] and deemed [the employer's] acts." *Id*.

To be sure, employees and corporate officers may be liable for their own tortious conduct. As the Texas Supreme Court recognized in *Leitch*, "an agent whose negligence causes an auto accident may be held individually liable along with his or her employer when driving in the course and scope of employment." *Id.* at 117. But the employee in that example is only liable because he "owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer." *Id*. Conversely, if no independent duty of care is owed, the employee is not liable.

Even in cases where the plaintiff is not an employee, Texas law has recognized that "liability cannot be imposed on employees where the employer and the employees committed the identical negligent acts or omissions." *In re Butt*, 495 S.W.3d 455, 467 (Tex. App. 2016); *see also Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) ("[A] negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation."); *Palmer v. Wal-Mart Stores*, 65 F. Supp. 2d 564, 567 (S.D. Tex. 1999) (relying on *Leitch* to hold that a store manager was not liable in a routine slip-and-fall case because he did not owe "any *independent* duty of reasonable care, apart from that which his employer owed any store patron").

In this case, the individually named defendants—Tommy Brown, Micah Fenton, and Felicia Alexander—did not owe the plaintiffs a duty "apart from the employer's duty." *See Leitch*, 925 S.W.2d at 117. As a corporate employer, Tyson

Foods, Inc. held a non-delegable duty to ensure workplace safety for its employees. But that duty did not extend to the individually named defendants as employees of Tyson. At any rate, the individually named defendants engaged in the alleged conduct—failing to take proper safety precautions to prevent the spread of COVID-19—on behalf of Tyson Foods and in the scope of their employment. *See* Doc. 7 ¶ 19 ("Tyson's conduct, effectuated through the named Defendants in this lawsuit, was negligent and grossly negligent and was the cause of the underlying incident.").

Moreover, plaintiffs cannot impose liability "on employees where the employer and the employees committed identical negligent acts or omissions." *See In re Butt*, 495 S.W.3d at 467. Plaintiffs' first amended complaint does little to distinguish between any acts or omissions by Tyson Foods and the individually named defendants. The complaint refers to alleged misconduct by defendants in tandem, bringing the same causes of action of negligence and gross negligence against them for essentially the same conduct of not adequately preventing the spread of COVID-19. *See* Doc. 7 ¶ 20-32. Accordingly, plaintiffs' complaint fails to state a claim against the individually named defendants.

In their response to this motion to dismiss, plaintiffs argue that—by virtue of their positions as Plant Manager, Plant Safety Manager, and Production Shift Manager, respectively—the individually named defendants owed independent duties to plaintiffs "apart from those of Plaintiffs' employer." Doc. 14 at 6-7. Plaintiffs point specifically to the fact that these defendants "were directly responsible for enforcing adequate procedures and safety measures to prevent the spread of COVID-19." *Id*.

However, plaintiffs' conclusory assertions are insufficient to survive a motion under Rule 12(b)(6). It is unclear from plaintiffs' amended complaint what independent duty the individually named defendants owed to plaintiffs, much less

whether that duty was breached. Plaintiffs cite to no cases holding that an employee's job title can generate a separate duty of care from their employer's. And plaintiffs' argument here is similar to the employee's contention in *Leitch*, who sued corporate officers "because of their positions [with the employer]." As in *Leitch*, that argument is meritless absent any evidence that an employee owes a separate, independent duty to plaintiffs.

In their response to defendants' motion to dismiss, plaintiffs also cite multiple cases for the proposition that "a corporate agent is personally liable for his own fraudulent or tortious acts." Doc. 14 at 5 (quoting *Meyer v. JP Morgan Chase Bank, N.A.*, 2011 WL 13324489, at *7 (W.D. Tex. Mar. 16, 2011)). As the court has noted above, it is true that employees can be liable for their own tortious conduct. But that principle only applies where a separate duty is owed. Here, plaintiffs have failed to allege that the individually named defendants owed them a duty.

Plaintiffs additionally argue that "courts in Texas have interpreted *Leitch* in a way that does not foreclose a plaintiff's ability to hold individual employees liable." Doc. 14 at 6. To bulwark that claim, plaintiffs cite the Western District of Texas's decision in *Guzman v. Cordero*. *Id*. However, *Guzman* is inapposite, as the court in that case distinguished those circumstances from the facts in *Leitch*. In *Guzman*, a customer of a 12-point auto inspection from Wal-Mart was later involved in a car accident "after the front tire tread separated." *Guzman v. Cordero*, 481 F. Supp. 2d 787, 788 (W.D. Tex. 2007). The customer sued Wal-Mart and the employee who completed the inspection and certified that the vehicle's tires were in good condition. *Id*. While evaluating whether the employee was improperly joined at the motion to remand stage, the court held that, unlike *Leitch*, "it is quite possible that [the employee] owed an independent duty of care" since the employee "actually performed the services in question." *Id*. at 790. In

- 6 -

contrast, the facts in this case bear strong resemblances to *Leitch*, as in both cases the corporate employers, not the employees, have a non-delegable duty to ensure workplace safety. Because plaintiffs cannot articulate a distinct duty owed by the individually named defendants, their complaint cannot survive a motion to dismiss.

Finally, plaintiffs request that, if the court finds that plaintiffs' complaint has failed to state a claim, they be permitted to amend the complaint. Under Federal Rule of Procedure 15(a), "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Production Co., Ltd.*, 234 F.3d 863, 872-73 (5th Cir. 2000). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).

The court finds that any amendment to plaintiffs' complaint would be futile. Even if plaintiffs were to amend their complaint a second time, corporate employers still cannot delegate a duty to ensure a safe workplace to their employees. Accordingly, any amended complaint would still "fail to survive a Rule 12(b)(6) motion." *See Marucci Sports, LLC*, 517 F.3d at 378.

## Conclusion

Because plaintiffs have failed to state a claim for which relief may be granted against the individually named defendants in this case, the motion (Doc. 12) is **granted**. Plaintiffs' claims against Tommy Brown, Micah Fenton, and Felicia Alexander are **dismissed with prejudice**.

*So ordered by the court on February 11, 2021.*

J. CAMPBELL BARKER
United States District Judge